UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CR 12 CDP |
| | ) | |
| PHILANDIAS CALVIN, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM

While three federal officers were doing their jobs in arresting Defendant Philandias Calvin for his supervised release violations, Defendant was threatening them, punching them, and injuring them. He threw his sizeable body around the room. He broke a door. He bloodied Deputy U.S. Marshal Rachel Swalls's nose and even chipped her tooth. Because the evidence at his jury trial demonstrated beyond a reasonable doubt that Defendant had interfered with these federal officers during his arrest, Defendant was quickly convicted of violating 18 USC § 111(a)(1). As this Court held in its October 24, 2018 order denying Defendant's motion for judgment of acquittal or in the alternative for a new trial, the evidence that Defendant had "assaulted three federal officers" was "overwhelming." (Order at 1, Dkt. #73.)

The Presentence Investigation Report ("PSR") states that the statutory maximum term of imprisonment for Defendant's violations under Section 111 is one-year.[1] The PSR provides that if the case was treated as a felony under 18 USC § 111(a) (and the misdemeanor statutory maximum did not apply), then the proper guideline imprisonment range would be 41 to 51 months. Notably,

---

[1] At Defendant's request, U.S. Probation Officers from the Southern District of Illinois completed the Presentence Investigation Report. As stated above, the Office's determination that a statutory maximum of one year should apply was based on the fact that physical contact was not specified in the indictment, which would trigger a felony sentence under Seventh Circuit case law regarding a Section 111(a) claim. Not only did the indictment's cover sheet and the docket list that this case was a felony, but Defendant expressly acknowledged that he was potentially subject to eight-years imprisonment upon felony conviction. (8/30/2018 Frye Hearing Tr. at 14:19-25, Dkt. #39.) Because the Eighth Circuit has not addressed whether physical contact must be listed in the indictment to warrant a felony conviction, however, the United States did not object to the PSR.

1

18 U.S.C. § 111(a) provides that "where the acts in violation of this section constitute only simple assault" a defendant shall be fined or imprisoned "not more than one year" and "where such acts *involve physical contact* with the victim of that assault or the intent to commit another felony" a defendant shall be "fined under this title or imprisoned not more than 8 years or both."  (Emphasis added.)  Although the indictment itself did not expressly state physical contact (the reason behind the Probation Office's determination that the one-year misdemeanor sentence should apply), Defendant's repeat physical contact with his victims (three federal officers), is relevant offense conduct which certainly justifies a sentence of the statutory maximum.  *See infra* at Argument I.

Given Defendant's conduct, there can be no reasonable sentence other than the statutory maximum.  Furthermore, any sentence imposed here should run consecutively to the undischarged term of imprisonment that Defendant is currently serving in Docket Numbers 4:12 CR00270 and 4:14CR00390.  Any lesser sentence would be inappropriate and at odds with the seriousness of Defendant's offense.  *See* 18 U.S.C. § 3553(a).

## ARGUMENT

A fact that "influences judicial discretion" but does not "alter[ ] the legally prescribed punishment so as to aggravate it," need not be found by a jury.  *United States v. Steffen*, 818 F.3d 770, 772–73 (8th Cir. 2016).  In other words, the Sixth Amendment does not preclude a court from analyzing information and determining that a defendant's conduct warrants at least the statutory maximum for a particular offense.  *Id.*; *see also United States v. Adams*, 451 F.3d 471, 472–73 (8th Cir. 2006).  As a result (and as discussed further below) this Court can—and should—consider Defendant's egregious conduct in punching and injuring federal officers and assess the statutory maximum.  *See* Argument I, *infra.*

Courts also have "wide discretion at sentencing as to the kind of information considered or its source."  *United States v. Rodriguez-Ramos*, 663 F.3d 356, 364 (8th Cir. 2011)(quoting United States v. Pratt, 553 F.3d 1165, 1170 (8th Cir. 2009)).  Specifically, a court may consider all relevant evidence at sentencing, regardless of its admissibility under the rules of evidence, provided that the

evidence has "sufficient indicia of reliability."  *United States v. Kozohorsky*, 708 F.3d 1028, 1033

(8th Cir. 2013); *United States v. Ortiz*, 636 F.3d 389, 393 (8th Cir. 2011); *see also United States v.*

*Pratt*, 553 F.3d 1165, 1170 (8th Cir. 2009) (the sentencing process does not carry the same

evidentiary protections guaranteed during a criminal trial and evidence at sentencing can include

uncorroborated hearsay, if defendant has a chance to rebut it.)

Here, all available information and evidence supports the recommended sentence.  Not only

do the facts proven at trial (namely, that Defendant willfully threatened and hit federal officers)

warrant the sentence (Argument I, *infra*), but Defendant's other conduct and criminal history (*See*

Arguments II-III, *infra*) justifies the sentence.

## I.        The Facts Proven at Trial Justify the Highest Sentence.

Defendant's conduct, as proven beyond a reasonable doubt at the jury trial of this case,

justifies the highest sentence.  A defendant who merely opposes federal officers should be treated

differently than one who sets out to physically assault them and then does so.  *See* 18 U.S.C. §

3553(a) (1)-(2) (noting the nature and the circumstances of the offense and the need for the

sentence to provide '"adequate punishment" as factors to be considered).[2]  As this Court has

recognized, the jury "unanimously found that [Defendant] had assaulted three federal officers" and

this evidence was "overwhelming."  (Order at 1, Dkt. #73.)

In fact, the evidence at trial established the following:

---

[2] The Court need not conduct a "mechanical recitation" of the factors listed in 18 USC § 3553(a) when
determining a sentence.  Rather, it simply must be clear from the record that the district court actually
considered the § 3553(a) factors in determining the sentence.  *United States v. Feemster*, 572 F.3d 455, 461
(8th Cir. 2009) (en banc) (internal quotations omitted)).  Section 3553(a) states that Court shall consider
"the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C.
§ 3553(a)(1).  Furthermore, the Court is to consider the need for the sentence imposed: (A) reflect the
seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B)
to afford adequate deterrence…; (C) to protect the public from further crimes of the defendant; and (D) to
provide the defendant with needed educational or vocational training, medical care, or other correctional
treatment in the most effective manner.  18 U.S.C. § 3553(a) (2)(A)-(D).  Section 3553(a) also requires the
Court to consider the kinds of sentences available, the United States Sentencing Guidelines, the need to avoid
unwarranted sentencing disparities, and the need to provide restitution to victims.  *See* 18 U.S.C. § 3553(a)
(3)-(7).  The United States reserves its right to address each of these factors further at the time of sentencing,
as appropriate.  For now, the United States respectfully suggests that an objective consideration of these
factors—particularly the nature and circumstances of the offense, Defendant's history and characteristics, the
seriousness of the offense, and to provide just punishment and promote respect for the law—all support a
sentence of the statutory maximum.

- When officers went to arrest Defendant, he immediately became combative.

- Defendant threatened the officers "If you put your hands on me, I'm going to f*ck you up." *See also* Order at 2 ("He threatened the officers that if they put hands on him he would resist arrest.").

- Deputy United States Marshals Tapp and Swalls testified that Defendant took a fighting stance.

- Deputy Swalls testified that the fighting stance appeared to be a pre-assault indicator

- As this Court has recognized, "[Defendant then] stood up and began to fight with them.  In addition to swinging at them and striking more than one officer, he used his body weight to resist, throwing himself and some of them around the room."  (Order at 2, Dkt. #73.)

- The witnesses at trial all testified that Defendant was the aggressor.

- Deputy United States Marshal Rachel Swalls testified that Defendant swung his body around the room "like a pinball."

- Deputy U.S. Marshal James Tapp testified that he was injured when Defendant punched him in the face.

- U.S. Probation Officer Marc Pillow testified that Defendant injured him as well.

- Deputy United States Marshal Rachel Swalls testified that Defendant bloodied her nose, chipped a tooth, and even caused some temporary nerve damage.

- The witnesses also testified that Defendant broke a door.  The United States introduced Exhibits 3A and 3B which were pictures of damage to the door.  In other words, "Calvin's fight with the officers resulted in the door to the room being broken, and three officers being injured."  (Order at 2, Dkt. #73.)

As evidenced by each these facts, Defendant's physical assault on the federal officers justifies the highest sentence.

At trial, Defendant did not contest the fact that he used physical force on the officers.  In fact, Defendant claimed that he merely acted in self-defense when he swung at federal officers.  Of course, the Court rightfully rejected this claim.  As this Court held in its October 24, 2018 Order denying Defendant's motion for judgment of acquittal or in the alternative for a new trial, "[b]ased on the evidence in the case no reasonable juror could have found that Calvin reasonably believed that his use of force was necessary to protect himself from unlawful physical harm." (Order at 3, Dkt. #73.)  As the evidence at trial uniformly demonstrated, Defendant did not act reasonably.  He did not "defend" himself.  He set out to attack federal officers—and then he did so.

4

Additionally, Defendant's own words demonstrated his culpability and warrant the highest sentence.  Not only did Defendant repeatedly threaten the federal officers, but when he was finally restrained Defendant stated "I give up."  In doing so, Defendant effectively acknowledged that (1) he was the one attacking the officers and (2) that he was supposedly going to stop fighting.  Of course, Defendant did not stop fighting.  Defendant kept struggling against his restraints, causing federal officers and himself to fall as he was being escorted out of the U.S. Probation Office.

Notably, Defendant has not objected to the offense conduct listed in the PSR, including the following conduct listed in Paragraph 7:  "During the altercation, two Deputy U.S. Marshals and one United States Probation Officer suffered injuries including:  scratches and bruising to the face; a swollen lip; and a bloody nose.  The injuries were a result of the defendant's 'erratic swinging and resisting."  Defendant's conduct was physical.  Defendant's conduct was violent.  And, Defendant's conduct warrants, at minimum, a one-year sentence.

## II.      Defendant's Other Assaults on Inmates and a Correctional Officer Further Justify the Maximum Sentence.

A court should also consider a Defendant's history and characteristics in imposing a sentence.  *See* 18 U.S.C. § 3553(a)(1)-(2).  One of Defendant's characteristics, and central to his history, is that Defendant is a repeat and violent offender.

The United States has already informed Defendant that it planned to use Defendant's other subsequent instances of violence at sentencing.  Since his attack on federal officers, Defendant has attacked at least two of his fellow inmates as well as another law enforcement officer.  Specifically, Defendant has engaged in the following assaults:

- On January 17, 2018, Defendant repeatedly punched a fellow inmate in the head as the inmate struggled to defend himself.  The injured inmate suffered a brain bleed.  (St. Genevieve County Sheriff's Office 18-0045.)

- On June 10, 2018, Defendant struck another inmate three times.  Defendant was again the initial aggressor.  (St. Genevieve County Sheriff's Office 18-0498.)  Inmates stated that Defendant had been using a shank to threaten others.

- On July 1, 2018, Defendant punched a correctional officer at the Ste. Genevieve County Detention Center in the neck.  (Ste. Genevieve County Sheriff's Office 18-0574.)

The United States plans to proffer supporting law enforcement reports at the sentencing for this matter.

The PSR listed two of these attacks as offense conduct.  Defendant did not file any objections to this offense conduct.  Because Defendant keeps violently attacking individuals, a sentence consecutive to the term he is already serving, is necessary for deterrence purposes and to reflect the seriousness of Defendant's actions.  *See* 18 U.S.C. § 3553(a)(2).

### III.    Defendant's Criminal History Also Justifies a Maximum Sentence.

Even aside from his recent string of attacks on inmates and law enforcement officers, Defendant has a substantial criminal history which warrants a sentence consecutive to his current term of incarceration.  Defendant's criminal record includes the following:

- Defendant's conviction in United States District Court case number 4:14CR00390 HEA for escape from custody on December 10, 2014.

- Defendant's conviction in United States District Court case number 4:12CR00270-01 CDP for being a felon in possession of a firearm on August 10, 2012.

- Defendant's conviction in St. Louis City Circuit Court case number 1222-CR04026-01 for unlawful possession of a firearm and unlawful use of a weapon on July 7, 2012.

- Defendant's conviction in United States District Court case number 4:08 CR 00229-1 CAS for being a felon in possession of a firearm on April 21, 2008.

- Defendant's conviction in St. Louis County Circuit Court case number 07 CR 2008 for possession of marijuana with intent to deliver and possession of a controlled substance-cocaine base on March 8, 2007.

Because of his substantial criminal history, Defendant fall within a criminal history category of VI under the Sentencing Guidelines were he sentenced to a felony.

### CONCLUSION

For each of the foregoing reasons and for additional reasons to be addressed at sentencing, this Court should impose the statutory maximum sentence consecutively to the sentence that Defendant is currently serving in Docket Numbers 4:12 CR00270 and 4:14CR00390.  Defendant's physical attack on three federal officers justifies such a sentence which is no greater than necessary to achieve the purposes set forth in 18 USC § 3553(a).

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


 /s/ Cassandra Wiemken
CASSANDRA WIEMKEN, #91586KY
THOMAS REA, #53245MO
Assistant United States Attorneys
111 S. 10th Street, 20th Floor
St. Louis, Missouri  63102
(314) 539-2178

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

All Attorneys of Record for Defendant.


 /s/ Cassandra Wiemken
CASSANDRA WIEMKEN, #91586KY
Assistant United States Attorney